FILED

JUN -1 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

GWENDOLYN T. APPLEWHAITE,
*12421 Foyette Lane*
Plaintiff,
*Upper Marlboro, MD 20772*
v. *301-574-9044*

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL
SERVICE,

Defendant.

Civil

CASE NUMBER  1:06CV01019

JUDGE: Richard J. Leon

DECK TYPE: Employment Discrimination

DATE STAMP: 06/▮▮/2006

JURY ACTION

---

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331, together with 42 U.S.C. sections 2000e-5 and 2000e-16. Specifically, this is a complaint stating a cause of action under Title VII of the Civil Rights Act of 1964, as amended, alleging discriminatory and retaliatory treatment of the plaintiff in her employment with the defendant on the basis of her race (African American), gender (female), and her having participated in EEO activities and/or having opposed discriminatory practices on the part of her agency managers.

### VENUE

2. The venue of this Court to entertain this cause of action is appropriate by virtue of 42 U.S.C. § 2000e-5(f) insofar as the United States Postal Service has its headquarters within this judicial district.

**THE PARTIES**

3.  The plaintiff, Gwendolyn Applewhaite, an African American female, resides in the state of Maryland with a principal residence at 12421 Foyette Lane, Upper Marlboro, Maryland. At the time of the events central to her claims, she was employed as a manager by the United States Postal Service in West Palm Beach, Florida.

4.  The United States Postal Service (hereinafter "the agency") is an administrative agency of the United States Government with its principal offices in Washington, D.C. John E. Potter is the Postmaster General and is named in his capacity as the head of that agency.

**ADMINISTRATIVE PROCEEDINGS**

5.  Within the time prescribed by law, in January of 2003, the plaintiff filed a formal complaints of discrimination with the agency wherein she alleged that he had been discriminated against by her managers on the basis of her race, gender and prior EEO activity when, among other things, she was subjected to discipline by her superiors; received letters of demand; was denied a position for which she applied; was subjected to reviews and audits; was verbally berated by management; excluded from meetings; and received an unacceptable merit rating. Her discrimination complaints were assigned USPS Case Nos. 4-H-327-03; 4-H-327-0032-03 and 4-H-327-0035-03.

On December 8, 2004, the agency dismissed her discrimination claims. The plaintiff appealed the dismissal and, on February

2

29, 2006, the EEOC's Office of Federal Operations upheld the dismissal. This action is timely brought within ninety days following plaintiff's receipt of that decision on her appeal.

Accordingly, the plaintiff has exhausted her administrative remedies relative to her claims of discrimination central to this action.

### THE CONTROVERSY

6. For her cause of action against John E. Potter, in his capacity as Postmaster General, the plaintiff states as follows:

7. That at all times relevant to this action, the plaintiff was employed as a manager for the agency in West Palm Beach, Florida.

8. From September through November of 2002, the plaintiff, among other things, was subjected to discipline by her superiors; received letters of demand; was denied a position for which she applied; was subjected to reviews and audits; was verbally berated by management; was excluded from meetings; and received an unacceptable merit rating. Through the actions of her superiors, the plaintiff's work environment became hostile.

### CAUSES OF ACTION

### COUNT I

9. The plaintiff incorporates by reference the averments of paragraphs one through eight as though fully set forth at length herein.

10. The defendant has unlawfully discriminated against the plaintiff on the basis of her gender (female) in violation of

3

Title VII of the Civil Rights Act of 1964.

11. As a direct and proximate result of such discrimination, the plaintiff has and continues to suffer damages, including, without limitation, pain and suffering of mind and body.

### COUNT II

12. The plaintiff incorporates by reference the averments of paragraphs one through eight as though fully set forth at length herein.

13. The defendant has acted in violation of Title VII of the 1964 Civil Rights Act insofar as he has unlawfully retaliated against the plaintiff on the basis of her participation in EEO activities and/or her opposition to her managers' discriminatory practices.

14. As a direct and proximate result of such discrimination, the plaintiff has and continues to suffer damages, including, without limitation, pain and suffering of mind and body.

### COUNT III

15. The plaintiff incorporates by reference the averments of paragraphs one through ten as though fully set forth at length herein.

16. The defendant's ongoing and continuous discriminatory conduct created a hostile work environment for the plaintiff.

17. As a direct and proximate result of such discriminatory and retaliatory conduct, the plaintiff has and continues to

suffer damages, including, without limitation, pain and suffering of mind and body.

## COUNT IV

18. The plaintiff incorporates by reference the averments of paragraphs one through eight as though fully set forth at length herein.

19. The defendant has unlawfully discriminated against the plaintiff on the basis of her race (African American) in violation of Title VII of the Civil Rights Act of 1964.

20. As a direct and proximate result of such discrimination, the plaintiff has and continues to suffer damages, including, without limitation, pain and suffering of mind and body.

## DEMAND FOR RELIEF

21. The plaintiff respectfully demands the following relief from the defendant, John E. Potter, in his capacity as the Postmaster General of the United States Postal Service:

  a. Enter a declaratory judgment determining that the plaintiff suffered discrimination and retaliatory treatment as alleged in the above Counts I through IV;

  b. Award compensatory damages to the plaintiff;

  c. Assess against the defendant, John E. Potter, in his capacity as the Postmaster General of the United States Postal Service, the costs and expenses incurred by the plaintiff in maintaining this proceeding, together with reasonable attorneys fees incurred by her in prosecuting the above-captioned case;

d.   Any and all other relief to which the plaintiff may be entitled.

**JURY DEMAND**

The plaintiff demands trial by jury on all issues raised herein.

GWENDOLYN APPLEWHAITE


*Gwendolyn Applewhaite*
Gwendolyn Applewhaite
12421 Foyette Lane
Upper Marlboro, MD 20772
(301) 574-9044