

| | Track/Confirm - Intranet Item Inquiry<br>Item Number: EK72 2378 779U S |
|---|---|

### This item was delivered on 07/11/2006 at 13:50

<table>
<tr><th colspan="2">Delivery Section</th></tr>
<tr><td>Signature:</td><td>Roy L Smith</td></tr>
<tr><td>Address:</td><td>333 Constitution ave NW</td></tr>
</table>

Enter Request Type and Item Number:

Quick Search ⦿        Extensive Search ○

Explanation of Quick and Extensive Searches

Submit

*Version 1.0*

Inquire on multiple items.

Go to the Product Tracking System Home Page.



## Track/Confirm - Intranet Item Inquiry - Domestic

| Item: EK72 2378 779U S | | Date/Time Mailed: 07/10/2006 10:05 | |
|---|---|---|---|
| **Destination** | **ZIP Code:** 20001 | **City:** WASHINGTON | **State:** DC |
| **Origin** | **ZIP Code:** 20026-4250 | **City:** WASHINGTON | **State:** DC |
| **Class:** Express Mail - PO to addressee | | | |
| **Scheduled Delivery Date:** 07/11/2006 12:00 | | | |
| **Weight:** 0 lb(s) 3 oz(s) | | **Postage:** $14.40 | |
| **Delv Rqmt:** Normal | | **PO Box?:** N | |

| Event | Date/Time | Location | Scanner ID |
|---|---|---|---|
| DELIVERED | 07/11/2006 13:50 Recipient: 'R SMITH' | WASHINGTON, DC 20001 | L234036 |
| | Request Delivery Record | | |
| | View Delivery Signature and Address | | |
| NOTICE LEFT | 07/11/2006 11:01 | WASHINGTON, DC 20001 | L234036 |
| ARRIVAL AT UNIT | 07/11/2006 06:38 | WASHINGTON, DC 20001 | K528907 |
| ENROUTE | 07/10/2006 20:25 | WASHINGTON, DC 20045 | J788373 |
| ENROUTE | 07/10/2006 17:54 | WASHINGTON, DC 20066 | J814605 |
| ACCEPT OR PICKUP | 07/10/2006 10:05 | WASHINGTON, DC 20026 | |

**Enter Request Type and Item Number:**

Quick Search ⦿        Extensive Search ○

Explanation of Quick and Extensive Searches

Submit

*Version 1.0*

Inquire on multiple items.

Go to the Product Tracking System Home Page.

Clerk's Office                                                        July 7, 2006
United States District Court
For The District of Columbia
U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001

Dear Honorable Sir/Madam:

I am writing you regarding Case Name: Applewhaite v. Potter and Case
Number;
1:06-cv-1019, Docket Test: Minute Order: It is hereby Ordered that plaintiff
file with the Court the "Right to Sue Letter: signed by Judge Richard J.
Leon.  According to the attached Decision Letter I received, Complainant's
Right To File A Civil Action (S0900), It is not required of me to present a
"Right to Sue Letter" to have the right to go into federal court to be heard in
the United States District Court for the District of Columbia.

I've attached a copy of the decision letter for your review.

Please give me a call or write me should you require further documentation.

Respectfully submitted,

Gwendolyn T. Applewhaite
12421 Foyette Lane
Upper Marlboro, MD 20772
301-574-9044 (home)
202-268-4252 (work)
Case Name: Applewhaite v. Poter
Case #:       1:06-cv-1019

Attachment



DCD_ECFNotice@dcd.uscour
ts.gov
06/16/2006 07:12 PM

To  DCD_ECFNotice@dcd.uscourts.gov
cc
bcc

Subject  Activity in Case 1:06-cv-01019-RJL APPLEWHAITE v.
POTTER "Order"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once
without charge. To avoid later charges, download a copy of each document during this first
viewing.

## U.S. District Court

## District of Columbia

Notice of Electronic Filing

The following transaction was received from lcrjl1, entered on 6/16/2006 at 7:12 PM and filed on
6/16/2006

**Case Name:**            APPLEWHAITE v. POTTER
**Case Number:**          1:06-cv-1019
**Filer:**
**Document Number:**

**Docket Text:**
MINUTE ORDER: It is hereby Ordered that plaintiff file with the Court the "Right to Sue Letter"
within 15 days of this Order. Signed by Judge Richard J. Leon on 6/16/06. (lcrjl1)

The following document(s) are associated with this transaction:

**1:06-cv-1019 Notice will be electronically mailed to:**

**1:06-cv-1019 Notice will be delivered by other means to:**

GWENDOLYN T. APPLEWHAITE
12421 Foyette Lane
Upper Marlboro, MD 20772



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Gwendolyn T. Applewhaite,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A51969
Agency Nos. 4-H-327-0027-03, 4-H-327-0032-03, 4-H-327-0035-03

## DECISION

Complainant filed consolidated EEO complaints alleging that the agency subjected her to a hostile work environment on the bases of her sex (female), race (African-American), and retaliation, when:

1. Complainant was not allowed to participate in the Manager's meetings for the weeks of September 23, 2002, and September 30, 2002.

2. On September 23, 2002, complainant's supervisor staffing was changed.

3. From September 30, 2002, through October 19, 2002, complainant's office was overly scrutinized with several reviews, and audits while she was verbally abused by the Postmaster.

4. On November 6, 2002, complainant's name was deleted from the Central Florida computer database.

5. On November 26, 2002, complainant received an "Unacceptable" merit rating.

6. On September 27, 2002, complainant received a Letter of Demand.

Complainant further alleged that she was subjected to retaliation for her prior protected activity when:

7. On October 3, 2002, complainant learned that she had not been awarded the position of Manager, Customer Services, EAS-22, North Miami Beach.

01A51959

Complainant further alleged that she was subjected to retaliation for her prior protected activity when:

8.    On October 2, 2002, complainant received a Proposed Letter of Warning in Lieu of Time-off Suspension.

One April 10, 2003, the agency dismissed claim 8 pursuant to 29 C.F.R. §1614.107(a)(5) on the grounds that the claim alleged that a proposal to take a personnel action is discriminatory. The agency stated that the record indicated that a Letter of Warning had not been effectuated at the time that the complaint was filed.

Subsequent to the investigation, complainant was notified that she had the right to request either a hearing before an EEOC Administrative Judge or an agency final action without a hearing. Complainant requested a hearing, but subsequently withdrew her hearing request, and the complaint was forwarded for issuance of an agency final action.

On December 8, 2004, the agency issued a final action wherein it determined that no discrimination occurred. The agency stated with regard to claim 1 that complainant was not excluded from meetings. As for claim 2, the agency stated that one of the replacements had supervisory experience and the other replacement had been recommended. The agency noted that complainant was given two supervisors to replace the regular supervisor. The agency further noted that complainant was one of four supervisors whose staffing was changed. With regard to claim 3, the agency stated that the District Office scheduled the reviews and audits of complainant's office rather than the officials cited by complainant. The agency stated that the District Office determined that deficiencies brought to complainant's attention had not been corrected. The agency noted that the District Office scheduled audits and reviews for six other management officials, including four White males. The Postmaster denied verbally abusing complainant.

With respect to claim 4, the agency determined that complainant's name was not deleted from the computer database, but rather it was suspended as is customary when an employee will not be using cc:mail for extended periods. With regard to claim 5, the agency determined that complainant received an "Unacceptable" merit rating because her unit failed to pass any audits or make any goals. As for claim 6, complainant was issued a letter of demand for $173.90 in order to collect eight hours of sick leave for pay period 16 and change those hours to absence without official leave. The agency stated that complainant was granted sick leave for July 31, 2002, in reliance on complainant's assertion that she would not be able to return to work until August 5, 2002. The agency found that complainant indicated on July 26, 2002, that she was fully recovered and able to return to work. The agency stated that it therefore decided that complainant should not have been granted sick leave for July 31, 2002, and the agency issued a Letter of Demand to recoup the sick leave improperly granted complainant. With regard to claim 7, the agency stated that the selecting official made her selection based on the selectee's operational experience and knowledge in the field of Delivery/Customer Service, and also that complainant was not deemed

3                                                               01A51989

the most qualified of the applicants.    Finally, the agency found that complainant had not established that she was subjected to a hostile working environment.

In the absence of direct evidence of discrimination, the allocation of burdens and order of presentation of proof in a case claiming discrimination is a three-step process as set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-803 (1973), and its progeny. *See Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F. Supp. 318 (D. Mass. 1976), *aff'd* 545 F.2d 222 (1st Cir. 1976) (applying *McDonnell Douglas* to retaliation cases).

For complainant to prevail, she must first establish a *prima facie* case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, *i.e.*, that a prohibited consideration was a factor in the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802; *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is pretextual. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

This order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a *prima facie* case, need not be followed in all cases. Where the agency has articulated a legitimate, nondiscriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the *McDonnell Douglas* analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-714 (1983); *Hernandez v. Department of Transportation*, EEOC Request No. 05900150 (June 28, 1990).

Harassment is actionable only if the incidents to which complainant has been subjected were "sufficiently severe or pervasive to alter the conditions of [complainant's] employment and create an abusive working environment. *Harris v. Forklift Systems*, Inc., 510 U.S. 17, 21 (1993); *Wibstad v. United States Postal Service*, EEOC Appeal No. 01972699 (August 14, 1998). To establish a *prima facie* case of hostile environment harassment, a complainant must show that: (1) she belongs to a statutorily protected class; (2) she was subjected to harassment in the form of unwelcome verbal or physical conduct involving the protected class; (3) the harassment complained of was based on the statutorily protected class; and (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment. *Humphrey v. United States Postal Service*, EEOC Appeal No. 01965238 (October 16, 1998).

For purposes of analysis, we will assume, *arguendo*, that complainant has established a *prima facie* case of sex, reprisal and race discrimination. We find that the agency asserted legitimate reasons for its actions. The Commission finds that complainant has not shown that the agency's reasons are unworthy of belief. Complainant has not shown by a preponderance of the evidence

4                                  01A51989

that the agency's actions were motivated by discrimination. Furthermore, complainant has not identified any similarly situated persons who were treated differently than complainant.

Finally, with regard to the Proposed Letter of Warning issued to complainant (claim 8), we note that complainant does not argue on appeal that the Proposed Letter of Warning was effected. Furthermore, because of our finding of no discrimination in claims 1 - 7, the Proposed Letter of Warning can only be considered by itself and is not sufficient to state a claim of harassment. Therefore, we affirm the agency's dismissal of this claim pursuant to 29 C.F.R. §1614.107(a)(5) on the grounds that the claim alleged a proposal to take a personnel action is discriminatory.

The agency's final action is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

5                                       01A51969

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within
ninety (90) calendar days from the date that you receive this decision. If you file a civil action,
you must name as the defendant in the complaint the person who is the official agency head or
department head, identifying that person by his or her full name and official title. Failure to do
so may result in the dismissal of your case in court. "Agency" or "department" means the national
organization, and not the local office, facility or department in which you work. If you file a
request to reconsider and also file a civil action, filing a civil action will terminate the
administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an
attorney, you may request that the Court appoint an attorney to represent you and that the Court
permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973,
as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole
discretion of the Court. Filing a request for an attorney does not extend your time in which to
file a civil action. Both the request and the civil action must be filed within the time limits as
stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 8 2006

Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within
five (5) calendar days after it was mailed. I certify that this decision was mailed to
complainant, complainant's representative (if applicable), and the agency on:

FEB 2 8 2006

Date

Equal Opportunity Assistant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

### WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

### WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

5                                      01A51969

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 8 2006
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.  I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

FEB 2 8 2006
Date

Equal Opportunity Assistant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————

GWENDOLYN T. APPLEWHAITE,

     Plaintiff,              Civil Action No.

v.

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL
SERVICE,

     Defendant.

—————————————————

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331, together with 42 U.S.C. sections 2000e-5 and 2000e-16. Specifically, this is a complaint stating a cause of action under Title VII of the Civil Rights Act of 1964, as amended, alleging discriminatory and retaliatory treatment of the plaintiff in her employment with the defendant on the basis of her race (African American), gender (female), and her having participated in EEO activities and/or having opposed discriminatory practices on the part of her agency managers.

### VENUE

2.    The venue of this Court to entertain this cause of action is appropriate by virtue of 42 U.S.C. § 2000e-5(f) insofar as the United States Postal Service has its headquarters within this judicial district.

## THE PARTIES

3.    The plaintiff, Gwendolyn Applewhaite, an African American female, resides in the state of Maryland with a principal residence at 12421 Foyette Lane, Upper Marlboro, Maryland.  At the time of the events central to her claims, she was employed as a manager by the United States Postal Service in West Palm Beach, Florida.

4.    The United States Postal Service (hereinafter "the agency") is an administrative agency of the United States Government with its principal offices in Washington, D.C.  John E. Potter is the Postmaster General and is named in his capacity as the head of that agency.

## ADMINISTRATIVE PROCEEDINGS

5.    Within the time prescribed by law, in January of 2003, the plaintiff filed a formal complaints of discrimination with the agency wherein she alleged that he had been discriminated against by her managers on the basis of her race, gender and prior EEO activity when, among other things, she was subjected to discipline by her superiors; received letters of demand; was denied a position for which she applied; was subjected to reviews and audits; was verbally berated by management; excluded from meetings; and received an unacceptable merit rating.  Her discrimination complaints were assigned USPS Case Nos. 4-H-327-03; 4-H-327-0032-03 and 4-H-327-0035-03.

On December 8, 2004, the agency dismissed her discrimination claims.  The plaintiff appealed the dismissal and, on February

29, 2006, the EEOC's Office of Federal Operations upheld the dismissal. This action is timely brought within ninety days following plaintiff's receipt of that decision on her appeal.

Accordingly, the plaintiff has exhausted her administrative remedies relative to her claims of discrimination central to this action.

### THE CONTROVERSY

6.    For her cause of action against John E. Potter, in his capacity as Postmaster General, the plaintiff states as follows:

7.    That at all times relevant to this action, the plaintiff was employed as a manager for the agency in West Palm Beach, Florida.

8.    From September through November of 2002, the plaintiff, among other things, was subjected to discipline by her superiors; received letters of demand; was denied a position for which she applied; was subjected to reviews and audits; was verbally berated by management; was excluded from meetings; and received an unacceptable merit rating.   Through the actions of her superiors, the plaintiff's work environment became hostile.

### CAUSES OF ACTION

### COUNT I

9.    The plaintiff incorporates by reference the averments of paragraphs one through eight as though fully set forth at length herein.

10.    The defendant has unlawfully discriminated against the plaintiff on the basis of her gender (female) in violation of

Title VII of the Civil Rights Act of 1964.

11.  As a direct and proximate result of such discrimination, the plaintiff has and continues to suffer damages, including, without limitation, pain and suffering of mind and body.

### COUNT II

12.  The plaintiff incorporates by reference the averments of paragraphs one through eight as though fully set forth at length herein.

13.  The defendant has acted in violation of Title VII of the 1964 Civil Rights Act insofar as he has unlawfully retaliated against the plaintiff on the basis of her participation in EEO activities and/or her opposition to her managers' discriminatory practices.

14.  As a direct and proximate result of such discrimination, the plaintiff has and continues to suffer damages, including, without limitation, pain and suffering of mind and body.

### COUNT III

15.  The plaintiff incorporates by reference the averments of paragraphs one through ten as though fully set forth at length herein.

16.  The defendant's ongoing and continuous discriminatory conduct created a hostile work environment for the plaintiff.

17.  As a direct and proximate result of such discriminatory and retaliatory conduct, the plaintiff has and continues to

4

suffer damages, including, without limitation, pain and suffering of mind and body.

## COUNT IV

18.   The plaintiff incorporates by reference the averments of paragraphs one through eight as though fully set forth at length herein.

19.   The defendant has unlawfully discriminated against the plaintiff on the basis of her race (African American) in violation of Title VII of the Civil Rights Act of 1964.

20.   As a direct and proximate result of such discrimination, the plaintiff has and continues to suffer damages, including, without limitation, pain and suffering of mind and body.

## DEMAND FOR RELIEF

21.   The plaintiff respectfully demands the following relief from the defendant, John E. Potter, in his capacity as the Postmaster General of the United States Postal Service:

a.   Enter a declaratory judgment determining that the plaintiff suffered discrimination and retaliatory treatment as alleged in the above Counts I through IV;

b.   Award compensatory damages to the plaintiff;

c.   Assess against the defendant, John E. Potter, in his capacity as the Postmaster General of the United States Postal Service, the costs and expenses incurred by the plaintiff in maintaining this proceeding, together with reasonable attorneys fees incurred by her in prosecuting the above-captioned case;

d.    Any and all other relief to which the plaintiff may be entitled.

**JURY DEMAND**

The plaintiff demands trial by jury on all issues raised herein.

GWENDOLYN APPLEWHAITE


Gwendolyn Applewhaite
12421 Foyette Lane
Upper Marlboro, MD 20772
(301) 574-9044

6