UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GWENDOLYN APPLEWHAITE,

    Plaintiff,

v.

JOHN E. POTTER,
Postmaster General,
U.S. Postal Service,

    Defendant.

Civil Action No.:
1:06-cv-1019

## THE PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

In response to this Court's Order to Show Cause dated November 21, 2006, the plaintiff, through her undersigned counsel, states as follows:

The plaintiff initiated this civil action on June 1, 2006 following rejection of her appeal by the EEOC's Office of Federal Operations of the defendant, Postal Service's, dismissal of her discrimination claims administratively.  The plaintiff filed her action on a pro se basis.  Undersigned counsel had represented her for the roughly three years that her case was presented administratively.  When she filed in federal court, counsel undertook to determine whether he could be admitted to practice before this court on the basis of his membership with two state bars and five federal courts, including the U.S. Court of Appeals for the District of Columbia Circuit.  He is not a member of the District of Columbia bar.  He learned from the Court's clerk's office, however, that none of the federal courts to which he is admitted have any reciprocal admission arrangement with this federal court and that he therefore could not be admitted to practice.

  Counsel then undertook to assist the plaintiff to find alternative counsel admitted to this court who would be willing to serve as local or sole counsel in her case.  In short, the funds required by those possible attorneys were prohibitively expensive for her.  Accordingly, understanding that substantial time had passed and that the plaintiff confronts the possible dismissal of her case for failure timely to serve the defendant, undersigned counsel has agreed to represent her without compensation under Rule 83.2(g).  He recently entered his appearance under that rule, registered for electronic filing with the court, and the court has issued summons to him.  He has forwarded by certified mail, return receipt requested, a copy of the complaint and summons for those three individuals who must be served in this federal sector employment discrimination case: the local U.S. Attorney; the Attorney General; and John Potter, the Postmaster General.  Counsel expects that they will receive process within a matter of days and certainly before January 1, 2006.

  The plaintiff regrets the delay and any inconvenience it has caused to the court.  She further asks that the Court permit her this additional time to effect service on the defendant.  She expects timely to meet all deadlines imposed by the Court and can assure the Court that no further delays will occur.

Respectfully submitted:

GWENDOLYN APPLEWHAITE,

By her Attorney,

<u>s/Waite P. Stuhl</u>
Waite P. Stuhl
6342 Waterman Avenue
St. Louis, MO 63130
314-726-1182