UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


GWENDOLYN APPLEWHAITE,

    Plaintiff,                            Civil Action No.:
                                            1:06-cv-1019
v.

JOHN E. POTTER,
Postmaster General,
U.S. Postal Service,

    Defendant.


PLAINTIFF'S MOTION FOR RECONSIDERATION

       Pursuant to Federal Rule of Civil Procedure 60, the plaintiff, through her undersigned counsel, requests that the court reconsider the ruling of dismissal of her case. The Order of dismissal was signed on January 12, 2007, and the case was dismissed on January 16, 2007.

       In the dismissal Order the Court references its Order of November 21, 2006 whereby the plaintiff was required to show cause why the case should not be dismissed for lack of service of process on the defendant. On December 20, 2007, undersigned counsel entered his appearance and submitted a pleading responsive to the Show Cause Order. He further asked that the plaintiff be given additional time to serve process upon the defendant as he had had summonses issued by the Court and expected that service could be accomplished by January 1st.

       The plaintiff's counsel sent a copy of a summons and complaint to the three entities required to be served in this federal sector employment discrimination case on December 21, 2006. He did so by certified mail with a return receipt requested for each. As the returns of service filed herewith reflect, the

Postmaster General, John E. Potter, was served on December 28, 2006. Both Attorney General Alberto Gonzales and U.S. Attorney Jeffrey Taylor acknowledged their receipt of process on January 3, 2007. Counsel does not know why it took nearly two weeks between the mailing of process and the receipt of the same by those individuals, but it may be due to added security associated with mailings to the Justice Department. In any event, counsel received the signed return receipt card for Attorney General Gonzales on the day the dismissal order was signed, January 12, 2007.

    Once he entered his appearance, counsel immediately undertook to obtain service of process. The three entities required to be served received process by January 3, 2007. From the time process was mailed on December 21, 2006 there was nearly a two week delay in its actual delivery to the Attorney General and the United States Attorney for the District of Columbia, and then another nearly two week delay in the transmittal of the signature cards to plaintiff's counsel. While in his pleading responsive to this Court's Order to Show Cause of November 21, 2006, counsel asserted that he expected service to be completed by January 1, 2007, he did not anticipate the delays described above relative to the actual delivery of two of the summonses and the return to him of the cards reflecting such service.

    Accordingly, the plaintiff respectfully asks that the Court reconsider its ruling of dismissal and that she be permitted to have her case reinstated so that she may proceed with counsel who has appeared on a pro bono basis and having achieved service of process on the defendant as of January 3, 2007.

    Respectfully submitted:

GWENDOLYN APPLEWHAITE,

By her Attorney,


s/Waite P. Stuhl
Waite P. Stuhl
6342 Waterman Avenue
St. Louis, MO 63130
314-726-1182

CERTIFICATE OF SERVICE

    I, Waite P. Stuhl, certify that I have served a copy of the foregoing document on the defendant by mailing a copy of the same, by first class mail, postage prepaid, to Jeffrey Taylor, U.S. Attorney for the District of Columbia, on January 30, 2007.

    <u>s/Waite P. Stuhl</u>
    Waite P. Stuhl